Mary PERUGINI–CHRISTEN,
Plaintiff–Appellant,

v.

HOMESTEAD MORTGAGE COMPANY and Reliance Standard Life Insurance Company, Defendants–Appellees.

No. 01–2981.

United States Court of Appeals,
Seventh Circuit.

Argued Jan. 16, 2002.

Decided April 19, 2002.

James P. Fenton (argued), Eilbacher Scott, Fort Wayne, IN, for Mary Perugini–Christen.

Walter J. Goldsmith, Doepken, Keevican & Weiss, Southfield, MI, for Homestead Mtg. Co.

Joshua Bachrach (argued), Rawle & Henderson, Philadelphia, PA, for Reliance Standard Life Ins. Co.

Before BAUER, ROVNER, and WILLIAMS, Circuit Judges.

WILLIAMS, Circuit Judge.

Mary Perugini–Christen was covered by long-term disability insurance under a group policy provided by Reliance Standard Life Insurance Company. When she became disabled, Perugini filed for benefits under the Reliance plan. Reliance paid benefits to Perugini, but the amount it paid was less than Perugini thought she should receive, and she filed suit. The district court granted summary judgment in Reliance's favor. We conclude that the district court correctly reviewed the plan administrator's decision de novo and that the administrator correctly characterized the profit compensation language of the employment agreement as a bonus for purposes of the ERISA plan.

## I. BACKGROUND

From 1985 until 1993, Perugini was the owner, president, and CEO of People's Mortgage Company in Fort Wayne,

Indiana. In 1993, Perugini sold People's to Homestead Mortgage Company. As part of the sale, Perugini entered into a deal with Homestead to act as an independent branch manager for the Fort Wayne office. Perugini negotiated a compensation package under which she was to receive fifty percent of the branch profits in addition to her annual salary.[1] Perugini worked under this compensation plan until she became disabled in 1996. Perugini filed a claim for long-term disability benefits with Reliance, Homestead's disability insurance carrier. Under Reliance's benefits plan, Perugini's benefits were to be based on her covered monthly earnings. Covered monthly earnings were defined as the employee's monthly salary and any commissions or bonuses averaged over the preceding twelve months, with respect to commissions, or thirty-six months, with respect to bonuses. The plan does not define either salary or bonus.

Reliance considered the branch profits Perugini received to be a bonus and averaged them over a thirty-six month period to calculate her monthly benefit. Perugini disagreed and the district court found that the plan language was not ambiguous. Furthermore, the district court classified the branch profits compensation as bonuses because Perugini's employment agreement designated them as such and the ordinary definition of bonus encompassed the branch profits compensation.

## II. ANALYSIS

### A. Standard of Review

■ The Supreme Court has made it clear that "a denial of benefits challenged under § 1132(a)(1)(B) is to be reviewed under a de novo standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eli-

gibility for benefits or to construe the terms of the plan." *Firestone Tire & Rubber v. Bruch,* 489 U.S. 101, 115, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989). In determining whether a plan grants its administrator discretion, we must look to the language of the plan. *Postma v. Paul Revere Life Ins. Co.,* 223 F.3d 533 (7th Cir.2000).

■ Reliance argues that the plan grants it discretionary authority because it required Perugini to submit:

"satisfactory proof of Total Disability to [Reliance]."

However, "the presumption of plenary review is not rebutted by the plan's stating merely that benefits will be paid only if the plan administrator determines they are due, or only if the applicant submits satisfactory proof of his entitlement to them." *Herzberger v. Standard Ins. Co.,* 205 F.3d 327, 331 (7th Cir.2000). Rather, the plan should clearly and unequivocally state that it grants discretionary authority to the administrator, which we find the plan did not do.

In this case, the language at issue is open to two reasonable interpretations: (1) that Perugini submit to Reliance satisfactory proof or (2) that she submit proof which is satisfactory to Reliance. The former interpretation would simply require Perugini to submit requested documents, the latter would be satisfied only if Perugini's documents satisfied Reliance's subjective notions of what was required. Because it is not clear from the plan language which interpretation is the correct one, we find that Reliance failed to reserve discretionary authority. Accordingly, we will engage in plenary review.

■ Two of our sister circuits have been faced with this issue and have reached opposite conclusions. In *Kinstler v. First*

---

1. "The Company shall also pay a bonus to Employee equal to fifty percent (50%) of the Net Profits (as hereinafter defined) of the Branch ("Bonus") annually within thirty (30) days following the end of the Branch's fiscal year." Appellant's Ex. A–034.

*Reliance Standard Life Ins. Co.,* 181 F.3d 243, 251–52 (2d Cir.1999), the Second Circuit was faced with language identical to the plan at issue in this case and held that "the language of First Reliance's policy is insufficient to preclude de novo review," because it is not clear whether the language "means only that the claimant must submit *to First Reliance* proof that is satisfactory or that the claimant must submit proof that is *satisfactory to First Reliance.*" However, the Sixth Circuit found that the same language conferred deferential review. In *Yeager v. Reliance Standard Life Ins. Co.,* 88 F.3d 376, 381 (6th Cir.1996), the court found that "[a] determination that evidence is satisfactory is a subjective judgment that requires a plan administrator to exercise his discretion." While the Sixth Circuit is correct in finding that a determination that evidence is satisfactory is a subjective judgment, we agree with the Second Circuit that merely requiring satisfactory proof "is an inadequate way to convey the idea that a plan administrator has discretion. Every plan that is administered requires submission of proof that will 'satisfy' the administrator." *Kinstler,* 181 F.3d at 252. Therefore, "unless a policy makes it explicit that the proof must be satisfactory *to the decision-maker,* the better reading of 'satisfactory proof' is that it establishes an objective standard, rather than a subjective one." *Kinstler,* 181 F.3d at 252.[2] Although we believe that under either standard of review the district court reached the correct decision, we find the district court was correct in applying plenary review.

### B. Perugini's Compensation was a Bonus

Turning to the merits, Perugini claims that the district court erred in finding that the branch profits constituted bonuses rather than commissions. Perugini argues that because she was contractually entitled to the branch profits, they cannot be considered bonuses. Reliance counters that Perugini's employment agreement with Homestead characterized the branch profit payments as bonuses, and therefore, Perugini should be bound by the terms of that agreement. The district court found that the branch profits were correctly classified as bonuses, and we agree.

Perugini relies on *Lister v. Stark,* 942 F.2d 1183 (7th Cir.1991), to support her contention that the branch profits should be considered commission rather than bonus. In *Lister,* the plaintiff, a salesman whose compensation was based solely on commissions, was promoted to a management position and his compensation was changed to a combination of salary and percentage of regional profits. At least one of the employment documents characterized the regional profits as commission, which was to be considered part of the plaintiff's salary. However, the plaintiff's pension was calculated to include salary, without regard to commissions, and the district court upheld that decision. This court reversed, finding it implausible that the plan contemplated that employees promoted to management would receive less in pension benefits than the subordinates they supervised. Perugini latches on this court's finding in *Lister* that the regional profits were properly considered commission rather than bonus. *Lister,* 942 F.2d at 1189. However, as we made clear in Lister, that conclusion was based on the individual circumstances of that case, and

---

2. The Second Circuit concluded that even if the plan language had required "proof satisfactory to the decision-maker," that this language would also be inadequate to reserve discretionary review. We need not go that far, however, because the language here was ambiguous as to whether "satisfactory" invoked a subjective determination.

our conclusion that a contrary interpretation was implausible:

> [a]n interpretation will not pass muster ... when the evidence of records demonstrates that the trustees "entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before [it] or is so implausible that it could not be ascribed to a difference in view or the product of [its] expertise."

*Lister,* 942 F.2d at 1189. In *Lister,* because the managers' pensions were based on salary alone, which invariably was less than the salesmens' pension that were based on commissions, the plan in *Lister* must have contemplated commissions as a pension benefit. However, interpreting the plan language in this case would not lead to an implausible result. Contrary to the circumstances in *Lister,* Perugini's compensation can easily be characterized as a bonus because not only did the employment agreement define it as such, but because the result is not counter to the evidence before us.

The district court correctly classified the branch profits as bonuses. Certainly, the branch profits cannot be considered salary because although they were earned on a monthly basis, they were in no way fixed compensation. Additionally, the branch profits are unlike ordinary commissions because although they are calculated as a percentage of the proceeds, they are not based on Perugini's personal sales, but rather on the sales of the branch as a whole. Furthermore, Perugini's contention that the branch profits are contractually required is of no avail because the

plan distinguishes discretionary from nondiscretionary bonuses—it excludes nondiscretionary bonuses altogether. Therefore, contrary to Perugini's claims, the plan contemplates nondiscretionary bonuses like the compensation at issue here. This interpretation is consistent with the description of branch profits in the employment agreement. Accordingly, the district court was correct in finding that the branch profits are better described as bonuses rather than commissions.[3]

## III. CONCLUSION

The court was correct in applying a de novo standard of review in this case and it properly classified Perugini's compensation as a bonus. We therefore AFFIRM the judgment of the district court.

---

**3.** Perugini also complains that the district court should have stricken Reliance's evidence regarding the negotiations between Reliance and Homestead because the evidence was not produced in compliance with Rule 26(a)(1). Fed.R.Civ.P. 26(a)(1) (initial disclo-

sures). The district court denied her motion as moot and stated that it did not consider it. We will not disturb this holding and we did not consider the disputed evidence in making our decision.